**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KOSTMAYER CONSTRUCTION, LLC V.** **MARQUETTE TRANSPORTATION COMPANY** | **CIVIL ACTIONS** |
| | **NO. 15-1395;** |
| **AND** | **NO. 15-2316** |
| | |
| **IN THE MATTER OF:** | |
| **MARQUETTE TRANSPORTATION COMPANY** | **SECTION "L" (1)** |

**ORDER & REASONS**

Before the Court are two motions to dismiss filed by Kostmayer.  The first Motion to

Dismiss, R. 48, was filed in *Kostmayer Construction, LLC v. Marquette Transporation*

*Company, LLC*, Case No. 15-1395.  The second Motion to Dismiss, R. 68, was filed in *In the*

*Matter of: Marquette Transportation Company*, Case. No. 15-2316.  These cases have been

consolidated for discovery purposes, and the Court finds it appropriate to address the present pre-

trial motions in the same Order & Reasons, as the motions present the same legal questions.

Having reviewed the parties' briefs and the applicable law, the Court now issues this Order &

Reasons.

I.      **BACKGROUND**

*Kostmayer v. Marquette*, Case No. 15-1395, arises out of damages allegedly sustained by

Plaintiff Kostmayer on September 22, 2014, when the M/V Blake Denton, operated by

Defendant Marquette Transportation Company struck the Barge CP-12, chartered to Plaintiff

Kostmayer, and pushed the CP-12 into Barge OU-701, also owned by Kostmayer.  Plaintiff

invokes the Court's jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1333.  Both of the Plaintiff's

barges were tied to a dock in the Mississippi River in East Baton Rouge Parish when Barge CP-

12 was struck by the M/V Blake Denton, which was traveling southbound with approximately

thirty-five barges in tow.  Barge CP-12 was pushed into Barge OU-701, and both barges were

detached from the dock and floated freely downriver until a tow boat pushed them to the east

bank Plaintiff alleges that the barges sustained substantial damages as a result of the impact and

required extensive repairs.

Plaintiff asserts multiple negligence theories based on the actions of the captain and crew

manning the Defendant's vessel: (1) inattentiveness to their duties, (2) failing to see what they

should have seen, (3) failing to maintain control of the towed barges, and (4) any other acts of

negligence.  Plaintiff seeks to recover property damages, including the cost of repairs, loss of

use, and loss of profits.

The Court has consolidated *Interested Underwriters at Lloyd's, London v. Marquette*,

Case No. 15-5170, and *CEMUS, LLC et al v. Marquette Transportation Company, LLC*, Case

No. 15-4571, with *Kostmayer v. Marquette*, Case No. 15-1395, for all purposes as they arise out

of the same incident.

A separate and unrelated accident between Kostmayer and Marquette occurred on

December 29, 2014.  Marquette filed a limitation action, *In re: Marquette*, Case No. 15-2316,

regarding the allision.  The limitation action concerns a separate Marquette vessel, the M/V Myra

Eckstein, striking the aforementioned dock.  *In re: Marquette* has been consolidated with

*Kostmayer v. Marquette* for discovery purposes.

II.     **Present Motions**

On July 11, 2016, Kostmayer filed a Motion to Dismiss and/or Motion for Judgment on

the Pleadings, R. 48, in *Kostmayer*, Case No. 15-1395.  On that same day, Kostmayer filed a

Motion to Dismiss, R. 68, in *In re Marquette*, Case No. 15-2316.  Both motions asserted that

Marquette's Rule 14(c) Third Party Demands against Kostmayer are procedurally improper.  R. 48.

### A. Kostmayer's Motion to Dismiss Third-Party-Demand in *Kostmayer v. Marquette*, Case No. 15-1395

Kostmayer asserts that a defendant may only invoke Rule 14(c) of the Federal Rules of Civil Procedure when the plaintiff has either asserted a claim which has been specifically identified in the Complaint as one in admiralty pursuant to Rule 9(h), or if it is apparent from a reading of the complaint that admiralty jurisdiction is the only basis for federal subject matter jurisdiction.  R. 48-1 at 3.  Kostmayer contends that a reference to the Jones Act or general maritime law is insufficient to serve as an explicit 9(h) designation.  R. 48-1 at 3.

Kostmayer then turns to the allegedly improper Third Party Demands stemming from the Complaints in *CEMUS, LLC, et al.*, Case No. 15-4571, and *Lloyd's, London*, Case No. 15-5170. R. 48-1 at 3.  Kostmayer points out that neither of these Complaints included a Rule 9(h) designation.  R. 48-1 at 3.  The *CEMUS* Complaint asserts federal subject matter jurisdiction.  R. 48-1 at 4.  The *Lloyd's* Complaint was filed in state court so it does not contain a specific jurisdictional amount, but Marquette's Notice of Removal acknowledges that the state court action was removed based on both federal question jurisdiction and diversity jurisdiction.  R. 48-1 at 4.  With the preceding in mind, Kostmayer contends that Marquette's Rule 14(c) Third Party Demands were inappropriate, because Rule 9(h) was not explicitly referenced and admiralty jurisdiction was not the sole asserted basis for federal subject matter jurisdiction in these claims. R. 48-1 at 4.

**B.  Marquette's Opposition**

Marquette opposes the motion.  Marquette contends that the 14(c) designations were proper, because Marquette asserted admiralty jurisdiction as a basis for removal, and that the respective Rule 14(c) tenders in both cases incorporate Rule 9(h) in the manner typical of an admiralty case.  R. 52 at 3–4.

Marquette notes that Kostmayer's action was filed in state court, so there was no basis for to designate the initial Complaint under Federal Rule of Civil Procedure 9(h).  Marquette also notes that Rule 9(h) provides that a claim that is only cognizable in admiralty jurisdiction is considered an admiralty claim, even if the claim is not explicitly designated as one in admiralty. R. 52 at 11.

In the alternative, Marquette argues that dismissal is not proper because Marquette may plead an alternative third party demand under Rule 14(a).  R. 52 at 12.  As a maritime party, Marquette could be liable to Interested Underwriters at Lloyd's, London ("Lloyd's") or CEMUS for more than its percentage of fault.  R. 52 at 12.  Marquette avers that is entitled to pursue indemnity and contribution from Kostmayer on this ground.  R. 52 at 12.  Marquette therefore asserts that Marquette should be given an opportunity to amend its Third Party Demand to assert a claim under Rule 14(a) as opposed to being dismissed.

Marquette also takes the position that CEMUS has an interest in maintaining its direct claims against Kostmayer, so the Court should grant CEMUS an opportunity to respond.

**C.  Kostmayer's Reply**

Kostmayer timely replies. R. 57.  Kostmayer reiterates its argument that Rule 14(c) may only be invoked where a plaintiff asserts a claim specifically identified as one in admiralty pursuant to Rule 9(h), or where it is apparent from a reading of the complaint that admiralty

jurisdiction is the only basis for federal subject matter jurisdiction over the action.  R. 57 at 2.

Kostmayer notes that neither CEMUS nor Lloyd's made an explicit Rule 9(h) designation in

their pleadings.  R. 57 at 2.  Kostmayer also points out that CEMUS's Complaint asserts

diversity jurisdiction, and that the Lloyd's action was removed in part based on diversity

jurisdiction.  Kostmayer concludes that the terms of Rule 14(c) are inapplicable based on the

preceding.

**D.  Kostmayer's Motion to Dismiss Third Party Demand in *In re Marquette*, Case**

**No. 15-2316**

Kostmayer contends that Marquette's Rule 14(c) Third Party Demands tendering the

claims asserted by Joseph and Jennifer Solomon, Michael Bankston, James Ainsworth, CEMUS,

LLC, 234 Terminal Corp., and Lloyd's should be dismissed, because the cited parties' claims do

not give rise to a procedurally proper Rule 14(c) Third Party Demand.  Kostmayer takes the

position that only Ameri-Force Craft Services, Inc., and Signal Mutual Indemnity Association,

Ltd. properly asserted cognizable admiralty or maritime claims under Rule 9(h), so the 14(c)

Third Party Demands stemming from the preceding claimants' actions must be dismissed.

Kostmayer contends that a Rule 14(c) Third Party Demand is only proper where the

claim giving rise to the Third Party Demand either made an explicit Rule 9(h) designation, or if

admiralty jurisdiction is the only basis for federal subject matter jurisdiction over the claim.  R.

68-1 at 3.  Kostmayer direct the Court to the limitation plaintiffs' pleadings, and avers that only

Ameri-Force and Signal Mutual made a 9(h) designation or asserted claims which are only

cognizable under admiralty jurisdiction.  R. 68-1 at 3–4.

### E.  Marquette's Opposition

Marquette opposes the motion, arguing that admiralty jurisdiction was asserted in all

claims and that Rule 14(c) and Rule 9 are specifically asserted in the Third Party Demands

tendering Kostmayer to the limitation claimants.  R. 72 at 1.  Marquette notes that Marquette's

Complaint contends that the sole basis of jurisdiction is admiralty, and Marquette identified Rule

9(h) in the Complaint.

### F.  Kostmayer's Reply

Kostmayer timely replies.  R. 78.  Kostmayer asserts that Marquette's arguments do not

address the procedural requirements of Rule 14(c).  According to Kostmayer, Marquette's Third-

Party-Demands are only procedurally viable where a claimant asserted a claim designated as one

in admiralty pursuant to Rule 9(h), or it is apparent from a reading of the complaint that

admiralty jurisdiction is the only basis for federal subject matter jurisdiction over the claim.  R.

78 at 2.  Kostmayer therefore avers that Marquette's arguments regarding Rule 9(h) designations

in Marquette's Limitation Complaint and Third-Party-Demands are irrelevant.  R. 78 at 2–3.

## III.  DISCUSSION

### A.  Applicable Law

The motions at issue hinge on the interpretation of Rule 14(c)(1) and Rule 9(h) of the

Federal Rules of Civil Procedure.  Rule 14(c)(1) provides that:

> When a plaintiff asserts an admiralty or maritime claim
> within the meaning of Rule 9(h), the defendant or person who
> asserts a right under Supplemental Rule C(6)(b)(i), as a third-party
> plaintiff, may bring in a third-party defendant who may be wholly
> or partly liable, either to the plaintiff or to the third-party plaintiff,

> by way of remedy over, contribution, or otherwise on account of the
> same transaction, occurrence, or series of transactions or
> occurrences.

Fed. R. Civ. P. 14(c)(1).  Rule 14(c)(1) in turn refers to Rule 9(h), which provides that:

> If a claim for relief is within the admiralty or maritime
> jurisdiction and also within the court's subject-matter jurisdiction
> on some other ground, the pleading may designate the claim as an
> admiralty or maritime claim for purposes of Rules 14(c), 38(e), and
> 82 and the Supplemental Rules for Admiralty or Maritime Claims
> and Asset Forfeiture Actions.  A claim cognizable only in the
> admiralty or maritime jurisdiction is an admiralty or maritime
> claim for those purposes, whether or not so designated.

Fed. R. Civ. P. 9(h)(1).

### B.  Analysis

Beginning with *In re Marquette*, in order to determine whether Rule 14(c) was properly invoked in a Third Party Demand, the Court must examine the claims of the parties being tendered by the Rule 14(c) Third-Party-Demand.  The Court therefore turns to the respective Answers and Claims filed by Joseph and Jennifer Solomon, Michael Bankston, James Ainsworth, CEMUS, LLC, 234 Terminal Corp., and Interested Underwriters at Lloyd's.  R. 4, 7, 8, 15, 19.

Upon review of the preceding Answers and Claims, the Court finds each of the aforementioned limitation claimants properly identify their claims as claims in admiralty pursuant to Rule 9(h).  Kostmayer cites *Tipton v. General Marine Catering Co.*, 1919 WL 13554, at *2 (E.D. La. 1989), for the proposition that a claimant cannot make a Rule 9(h) designation merely by stating a claim under the Jones Act or the general maritime law.  But the Fifth Circuit construes Rule 9(h) classifications more broadly than was held by the *Tipton* court. The present legal question has its roots in *T.N.T. Marine Service, Inc. v. Weaver Shipyards &*

*Dry Docks, Inc.*, 702 F.2d 585 (5th Cir. 1983), which was recently reaffirmed in *Luera v. M/V Alberta*, 635 F.3d 181 (5th Cir. 2011).  The *Luera* court found that

> Although Rule 9(h) appears to require an affirmative statement from the plaintiff to invoke the admiralty rules for claims cognizable under admiralty and some other basis of jurisdiction, we have held that the mere assertion of admiralty jurisdiction as a dual or an alternate basis of subject matter jurisdiction for a claim is sufficient to make a Rule 9(h) election to proceed in admiralty for that claim.  *T.N.T. Marine*, 702 F.2d at 58788. . . . We held [in *T.N.T. Marine*] that by the "simple statement asserting admiralty or maritime claims" the plaintiff had elected to proceed under admiralty jurisdiction and procedures even without an explicit reference to Rule 9(h).  *Id.*

*Luera*, 635 F.3d 188–89.  Therefore, a plaintiff or claimant who makes a "simple statement asserting admiralty or maritime claims" properly asserts a Rule 9(h) designation, and may be subject to a Rule 14(c) Third Party Demand.  *T.N.T. Marine*, 702 F.2d at 578–88.  The Answers and Claims filed by Joseph and Jennifer Solomon, Michael Bankston, and James Ainsworth each assert claims arising under admiralty and maritime law.  *See* R. 4 at 6; R. 7 at 5; R. 8 at 5.  Therefore, Marquette's Rule 14(c) Third Party Demands were proper as to these claims.

The joint Answer and Claims of CEMUS, LLC and 234 Terminal Corp. does not reference general maritime law or assert a basis for jurisdiction.  R. 15.  Lloyd's smilarly fails to reference the general maritime law or assert a basis for jurisdiction.  R. 19.  Kostmayer concedes in its Motion to Dismiss that the Court has multiple bases of subject matter jurisdiction over the Answers and Claims at issue.  R. 68-1 at 2.  "When a party's claim is governed by multiple bases for jurisdiction and it is not clear whether the party made a Rule 9(h) designation, . . . we examine the totality of the circumstances, as demonstrated by the party's pleadings and actions, to determine whether a Rule 9(h) declaration has been made."  *Apache Corp. v. Global Santa Fe Drilling Co.*, 435 Fed. Appx. 322, 325 (5th Cir. 2011) (citing *Bodden v. Osgood*, 879 F.2d 184,

8

186 (5th Cir. 1989).  Upon weighing the totality of the circumstances, the Court finds that

Lloyd's, CEMUS, and 234 Terminal implicitly made Rule 9(h) designations.  The claimants each

filed an Answer and Claims in a limitation action regarding a vessel allision with a dock.  R. 15

at 4–7.  Each Answer and Claims asserts theories of liability such as negligent towage, violations

of the standards of good seamanship, failure to follow navigation standards of the Mississippi

River, and unseaworthiness.  R. 15 at 6–7.  The claims will not be tried by jury.  As such, the

claims were sufficiently maritime to implicitly carry a Rule 9(h) designation, and Marquette's

subsequent Rule 14(c) Third Party Demand was appropriate.

 Kostmayer's Motion to Dismiss, R. 48, in *Kostmayer*, Case No. 15-1395, fails for similar

reasons regarding the Third Party Demand as to Lloyd's.  The state court petition filed in

*Lloyd's*, Case No. 15-5170, is virtually identical to the Answer and Claims asserted by Lloyd's in

*Marquette*, Case No 15-2316.  Therefore, as analyzed *supra*, Lloyd's implicitly made a Rule 9(h)

designation in its Complaint.

 However, diversity jurisdiction is the sole asserted basis for subject matter jurisdiction in

the Complaint in *CEMUS*, Case No. 15-4571.  The Fifth Circuit has held that "[i]f a claim is

pleaded under diversity jurisdiction, the rules of civil procedure will apply, and the parties will

be guaranteed, under the Seventh Amendment, a right to have the claim tried by a jury."  *Luera*,

635 F.3d at 188.  The Court may presume a Rule 9(h) designation when a party pleads multiple

bases for jurisdiction, or where it is unclear from the substance of the claim whether admiralty

jurisdiction is asserted.  *See Apache*, 435 Fed. Appx. 322, 325.  The Court may also find a Rule

9(h) designation where a party pleads a claim that solely arises under maritime jurisdiction.  Fed.

R. Civ. P. 9(h).  But where, as here, a party solely asserts diversity jurisdiction and the claims

arise under multiple jurisdictional premises, the Court may not weigh the "totality of the

circumstances" to find a Rule 9(h) designation.  *See Apache*, 435 Fed. Appx. 322, 325.  CEMUS

and 234 Terminal chose to bring their claims solely pursuant to this Court's diversity

jurisdiction.  The Court may not disregard this choice and designate CEMUS and 234 Terminal's

claims as claims in admiralty.

## IV.    CONCLUSION

**IT IS ORDERED** that Kostmayer's Motion to Dismiss, R. 68, filed in *In the Matter of:*

*Marquette Transportation Company*, Case No. 15-2316, is **DENIED**.

**IT IS FURTHER ORDERED** that Kostmayer's Motion to Dismiss, R. 48, filed in

*Kostmayer Construction, LLC v. Marquette Transporation Company, LLC*, Case No. 15-1395, is

**GRANTED IN PART**.  The motion is **GRANTED** insofar as Kostmayer seeks the dismissal of

Marquette's Third-Party-Demand as to CEMUS, LLC and 234 Terminal.  Marquette requested

leave to amend its Rule 13(c) Third-Party Demand in the event the Motion to Dismiss was

granted.  The Court finds this appropriate, and grants Marquette thirty days to amend its Third

Party Demand.  If not timely amended, the Third Party Demand shall be dismissed.  Kostmayer's

motion is otherwise **DENIED**.

New Orleans, Louisiana, this 15th day of August, 2016.

_____
UNITED STATES DISTRICT JUDGE